## Sothoron *vs.* Gustavus and George Weems.—*December,* 1831.

Where a party at the trial of a cause makes a general prayer to the court which is refused, and the court then proceeds of their own accord to give a specific instruction to the jury, which was excepted to, this court upon appeal will review such instruction, although since the act of 1825 it would not have regarded the general prayer.

In an action of *assumpsit* brought by W. & Co. to recover a portion of the instalments mentioned in the following agreement, dated 1st Dec. 1818, viz : "We the subscribers, promise to pay unto W. & Co. the sum we may subscribe as a payment for the steam boat S. in three equal instalments, viz. &c. It is hereby understood, that we, W. & Co. bind ourselves to appropriate the money subscribed in no other manner, but for the payment and use of said boat, and that each subscriber will hold an interest in proportion to the shares he may take. We, W. & Co. bind ourselves to run said boat from B. to &c. and use every possible exertion in our power to the interest of the said boat. The shares will be divided into 280, of $100 each." It appeared that 51 shares of the stock had been subscribed for, of which the defendants had taken *five.* HELD, 1. That it was not to be implied from the terms of this agreement, that W. & Co. were the owners of the steam boat. 2. That the signing of this contract was an imperfect act, of no legal obligation until the whole number of shares should be subscribed; and until that was done W. & Co. were under no obligation to perform their part of the agreement. 3. That W. & Co. having assigned, by way of mortgage, three-fifths of the said steam boat, after the signing of the agreement and before the bringing of the action, the consideration for the promise of paying the instalments contained in the agreement had failed, and therefore the action could not be sustained. 4. That upon the issue joined in this case, the defendant could not show that at a meeting called by W. & Co. of the subscribers thereto, it was determined by them not to pay the subscriptions, upon the ground that W. & Co. had failed in their part of the engagement.

Evidence offered to the jury for a particular purpose, may be properly rejected, though it might be admissible for some other object in the same cause.

Under the act of 1825, ch. 117, the appellate court considers what particular point, or question the County Court has decided, and determines accordingly, whether it is correct or erroneous, and not whether the reasons assigned by the counsel on the record justifies what has been done.

So where the admissibility of the testimony adduced, being objected to, whether it was admissible or not for the reason assigned, is wholly immaterial; this court regards as the point decided below, the competency or incompetency of the evidence.

APPEAL from *Saint Mary's* County Court.

*Assumpsit* by the appellees for the use of *Gustavus Weems*, commenced against the appellant, *James F. Sothoron*, on the 20th of November, 1821. The defendant pleaded *non assumpsit*, to which issue was taken. (*See Weems, et al. vs. Millard, 2 Harr. and Gill, 143.*)

At the trial the plaintiffs read to the jury the following paper: "We the subscribers promise and oblige ourselves, our heirs and executors, to pay or cause to be paid unto *George Weems & Co.* the sum we may subscribe as a payment for the steam boat *Surprize*, in three equal instalments, in manner and form following, viz: one-third on or before the 10th day of March next, and one-third on or before the 10th day of April following, and the balance on or before the 10th day of June next. It is hereby understood, that we, *George Weems & Co.* bind ourselves to appropriate the money subscribed in no other manner but for the payment and use of said boat, and that each subscriber will hold an interest in proportion to the shares they may take, and will be entitled to draw their proportion of dividend once in every six months after the starting of the said boat. We, *George Weems & Co.* bind ourselves to run said boat from *Baltimore* to *Patuxent* river, and as far up as *Nottingham*, and to use every possible exertion in our power to the interest of the said boat. The shares will be divided into 280 shares, of $100 each. 1st December, 1818." Then follows the list of subscribers, annexed to the above paper, to the amount in the whole of fifty-one shares. The defendant's name was down for five shares, and his signature thereto was admitted; the partnership of the plaintiffs was also admitted, and thereupon the plaintiffs closed their case.

The defendant then prayed the court to instruct the jury, that the plaintiffs were not entitled to recover; but the court [STEPHEN, Ch. J.] refused the instruction prayed for, and directed the jury that the contract or subscription list bore on its face evidence, that *Gustavus* and *George Weems*, the plaintiffs, were the proprietors and owners of the steam

boat *Surprize,* at the time when the said list or contract was signed, and that the said list proved the averment of ownership in the declaration, and that the plaintiffs were entitled to recover. The defendant excepted.

2. In addition to the evidence contained in the first bill of exceptions, the defendant offered to read in evidence to the jury, a certified copy of a deed of mortgage executed by *George Weems,* one of the plaintiffs, to *John White,* cashier of the Branch Bank of the *United States* at *Baltimore,* dated on the 18th of August, 1820, and duly acknowledged and recorded, of three undivided fifth parts of the steam boat *Surprize,* with the like proportion of her tackle, apparel, &c. to secure to the said Branch Bank the sum of $7,600, due to it by the plaintiffs, *Gustavus* and *George Weems,* upon their joint promissory note, dated June 30th, 1820. To the admissibility of this evidence the plaintiffs objected, and the court sustained the objection. The defendant excepted.

3. After the evidence in the preceding exceptions had been given, or offered and rejected, the defendant, for the purpose of showing that *George Weems,* one of the plaintiffs, had been finally discharged under the insolvent laws of the state, offered to read in evidence a transcript of the record and proceedings in his case before the Commissioners of Insolvent Debtors, and County Court of *Baltimore* county; to the admissibility of which, under the general issue, the plaintiffs objected. The court sustained the objection, and excluded the testimony. The defendant excepted.

4. The defendant then offered to prove by a competent witness, that *George Weems,* one of the plaintiffs, advertised for a meeting of the stockholders in the steam boat *Surprize,* at *Leonard Town,* and the meeting was had some time in the summer. When they met, the said *Weems* asked for payment of their subscriptions from the present defendant, and others present; the stockholders refused to pay, alleging that he had not complied with his part of the

contract, by putting the steam boat *Surprize* in a proper state to navigate, as agreed, and the present defendant, with all the stockholders present, then agreed they would not pay their subscriptions. To the admissibility of this testimony the plaintiffs objected, upon the ground that a subsequent agreement by parol, could not be admitted to contradict or vary a written contract. The objection was sustained by the court, and the evidence withheld from the jury. The defendant excepted, and the verdict and judgment being for the plaintiffs, he brought the present appeal.

The cause was argued before BUCHANAN, Ch. J., ARCHER, and DORSEY, J.

*Magruder, Scott,* and *Stonestreet* for the appellant, contended, 1. That the contract or subscription list dated December 1st, 1818, set forth in the first bill of exceptions, was not evidence that the plaintiffs were the proprietors and owners of the *Surprize,* at the time when said list or subscription was signed, and because said paper did not sustain the averment of ownership in the declaration, nor the instruction of the court, that the plaintiffs were entitled to recover. 2. That said paper or subscription list, is only evidence of an inchoate agreement, not binding *per se,* upon either of the parties, because the small number of shares taken, as compared with the whole number necessary to the enterprise, was such as to justify the plaintiffs in declining to purchase the boat, or from putting her on the proposed route from *Baltimore* to the *Patuxent;* and that if they did so, and in all respects fulfilled the agreement on their part, in order to recover, it was incumbent on them to prove the fact. 3. That as the project had failed, the plaintiffs were not entitled to recover in the present action, without adducing evidence that the failure was occasioned by the default of the defendant. 4. The promise of the defendant, as it appears in the evidence, is a naked promise, without consideration. 5. That the court

below erred in rejecting the evidence in the second exception, because said evidence was competent to show that the said *George Weems,* one of the plaintiffs, had disposed of his interest in the vessel, and had thereby deprived himself of the power of fulfilling his part of the contract. 6. That the evidence in the fourth exception was admissible, to show a failure of consideration. They referred in the argument to 2 *Saund Pl. and Ev.* 136. 2 *Ib.* 245. *Cuff vs. Penn,* 1 *Maul and Selw.* 21. 3 *Stark. Ev.* 1007. *Batturs vs. Sellers,* 6 *Harr. and Johns.* 249. *Wyman and Gray,* 7 *Ib.* 409. *Stewart vs. The State,* 2 *Harr. and Gill,* 114.

*C. Dorsey,* for the appellee, referred to *Roberts on Frauds,* 124. *New. Con.* 171.

DORSEY, J., delivered the opinion of the court.

The County Court were right in refusing the defendant's prayer, in his first bill of exceptions, it being a general prayer, the granting of which, since the act of 1825, would be error. To this refusal no exception was taken. But the court, however, did not stop here; they instructed the jury, "that the contract or subscription list, bore on its face evidence that *Gustavus* and *George Weems,* the plaintiffs, were the proprietors and owners of the steam boat *Surprize,* at the time when the said list or contract was signed, and that the said list proved the averment of ownership in the declaration, and that the plaintiffs were entitled to recover; to no part of which instruction can we subscribe our assent. Instead of this subscription list *per se,* importing that at its date the plaintiffs were the owners of the steam boat *Surprize,* as far as any inference on that subject can be drawn, from its entire context we should infer, that the *Surprize* was owned by some other person, and that the object of the subscription was to raise the sum of $28,000, with which the appellees were to purchase and equip the steam boat, for the purposes set forth in the contract. If the boat were already the property of the appellees, what motive could prompt the subscribers to require the appel-

lees to bind themselves " to appropriate the money subscribed in no other manner but for the payment and use of said boat." The appellees being the owners, it was perfectly immaterial to the subscribers, what appropriation might be made of so much of the fund raised by subscription, as covered the price of the boat; and it were absurd in the appellees, the owners of the boat, who received the money in payment for her, to stipulate that they would appropriate the money in no other manner but for the payment of the boat; besides, if *George Weems & Co.* had been the owners of the *Surprize,* can a reason be assigned, why the price to have been paid for her was not inserted in the contract? Was it a matter to have been left to the uncontrolled discretion of the sellers, in which the subscribers, the purchasers, had no interest, and of which they desired no information? The nature of the transaction repudiates such ideas. But conceding that the County Court were correct in inferring from the subscription list, that *George Weems & Co.* were the proprietors of the, steam boat, we cannot assent to that part of their instruction, which declares that they are entitled to recover. The signing of the contract was an imperfect act, of no legal obligation until the 280 shares should be taken. Until then, *George Weems & Co.* had they subscribed the agreement, as from its tenor, it was manifestly designed they should do, could not have been compelled to perform any of the stipulations on their part assumed : nor could they have exacted performance of any of the subscribers, because the implied condition (the subscription of the 280 shares,) on which their liability was to become absolute, had not occurred.

To test the accuracy of the County Court's opinion, in the second bill of exceptions, let it be admitted, that their instruction, as given in the first bill of exceptions, stands free from all objection, and that according to the proof then offered, the plaintiffs below were entitled to recover; does not the copy of the conveyance offered in evidence in the second exception, divest them of the basis of their action?

Upon the assumption of the court's correctness in the preceding exception, what is the consideration on which depends, the right to coerce the subscribers to a performance of their engagements? It is, that on payment of their money, they thereby acquire as an equivalent, an interest or property in the steam boat *Surprize.* If then it be shewn, that the payment of the subscription will not invest the subscribers, with the stipulated property in the steam boat, the consideration for their promise has failed, and payment cannot be enforced in a court of justice. The testimony offered, we think, fully establishes such failure of consideration; and the County Court therefore erred in its rejection.

The withholding from the jury the evidence set forth in the third bill of exceptions, gives to the appellant no ground for complaint; it was offered for a particular purpose, and if inadmissible therefor, it was properly rejected, although it might be admissible for other purposes. The object of the testimony was stated to be, "for the purpose of proving that he (*George Weems*) had been finally discharged under the insolvent laws of the State." This fact being immaterial to the issue in the cause, the proof for its establishment could not be otherwise, than incompetent. Had it been offered not only for the purpose stated, but to prove, that all the property, rights and credits of *George Weems,* had passed out of him, and vested in his trustee, it might perhaps have presented a different question for consideration.

The decision of the County Court in the fourth bill of exceptions, meets our approbation. The admissibility of the testimony adduced, being objected to, whether it be inadmissible or not, for the reason assigned, is wholly immaterial. If it be inadmissible on any ground, it should be rejected ; and when the subject comes in review before this court, under the act of 1825, we regard, as the point decided by the court below, the competency or incompetency of the evidence, not the sufficiency or insufficiency

of the reason urged for its rejection. Upon the issue joined on the pleadings in the cause, the testimony in this exception was clearly incompetent.

We *concur* with the County Court, in their decisions in the third and fourth bills of exceptions, but *dissent* from their opinions in the first and second, and therefore reverse the judgment.

JUDGMENT REVERSED.