STAFFORD H. PARKER, *vs.* JAMES C. SEDWICK.—*Dec.* 1846.

On or about the day on which a foreign commission was sent off, to take evidence out of the State, the plaintiff, upon whose motion it was granted, did not file in court, but served a copy of his interrogatories on the defendant.  This is not such reasonable notice, as would give the defendant time to exhibit his cross-interrogatories, before the transmission of the commission.

In such a case, the plaintiff ought to show affirmatively, that the defendant had reasonable time from the service of the notice, to the time when the commission was sent out, to have filed cross-interrogatories, if he desired it. Otherwise, the proceedings under such a commission, cannot be read to the jury.

The service of notice of interrogatories on the opposite party, in the execution of a foreign commission, is to accomplish the same end, as notice of the time and place of executing a domestic commission would.

If evidence be inadmissible on any ground, when objected to as inadmissible, it ought not to be received; and in reviewing such an objection, this court is not confined to the erroneous reasons of the county court, for rejecting it.

Under the act of 1830, chap. 186, where judgment of the county court rendered upon exceptions, affirmed by the Court of Appeals, would not be a bar to another action by the same plaintiff against the same defendant, by reason of a variance, which the plaintiff might cure by amendment, if permitted, and having merits, this court will award a procedendo and a new trial.

APPEAL from *Calvert* county court.

This was an action of *Debt,* commenced on the 1st June 1841, by the appellant against the appellee, for the sum of $1054.57.

The plaintiff declared: "for that at a *Circuit Superior Court,* &c., for the *State of Virginia,* held on the 29th December 1840, the justices of *Caroline* county court, in *Virginia,* at the instance, and for the benefit of a certain *Charles S. Jones,* by the judgment of the said court, recovered against the said *S. H. P.,* one of the securities of the said *J. C. S.,* as administrator of *Dr. Benjamin Sedwick,* as well the sum of $2000, for his damages, to be released on the payment of $1054.57, which he had sustained by reason of the non-performance of certain promises and assumptions, to the said relators, by the said *J. C. S.,* as administrator, &c., before that time made, as also his proper costs, &c., whereof the said *S. H. P.,* as surity, is convict, as aforesaid, as appears, &c., which said sum of money has been fully paid and satisfied by the said *S. H. P.,* as surety aforesaid, whereby an action hath accrued to the said plaintiff, to have and demand, of and from the said *J. C. S.,* the said sum of money above demanded, being the amount of the damages, costs and charges aforesaid, &c., recovered Nevertheless he hath not paid, to the damage of the said *S. H. P.,* $2000," &c.

The defendant pleaded :—

1. *Nil debet.*
2. Limitations.
3. Payment to *S. H. P.*

To these pleas the plaintiff replied generally.

At the trial of the cause, the plaintiff read in evidence the record of a decree recovered by *Charles S. Jones,* against the present defendant, *James C. Sedwick,* administrator of *Benjamin Sedwick,* in a superior court of law and equity of the State of *Virginia.* And then offered to read a commission *to* take evidence, and proceedings under it.

The defendant objected to the reading of said commission, on the ground, that he had no notice of the time and place, and mode, of executing the same.

The plaintiff then proved, that his interrogatories were filed with the clerk of this court the 9th of September 1844, and that the commission, with a copy of his interrogatories, were enclosed together, and sent by mail to the commissioner therein

named; that the said commission and copy of interrogatories, with the other proceedings, were returned to the clerk's office in one enclosure; that on or about the 9th of September 1844, and before the commission was sent to the commissioner, as aforesaid, a copy of said interrogatories was served on *Augustus R. Sollers, Esq.,* one of the attorneys for the defendant, residing at or near *Prince Frederick* town. On the part of the defendant, it was proved, that the said counsel, at the time of receiving such copy, stated to the plaintiff's counsel, that he wanted time to prepare his cross-interrogatories, and to consult *A. Randall, Esq.;* the associate counsel for the defendant, about them, and that the said counsel for the defendant said, at the trial, that he either notified *Mr. Randall* of the fact, that the said copy of the commission and interrogatories had been served upon him, the witness, or that he intended so to do, and very probably forgot it; and that he heard no more of the commission or interrogatories, until after they had been sent to *Virginia,* and had been returned here. But it was further proved, that no cross-interrogatories were, at any time, filed in said court. On this proof, this plaintiff insisted, that the said commission and the proceedings thereon, were admissible in evidence; but the court, (DORSEY, C. J., and WILKINSON, A. J.,) excluded them, on the aforesaid objection; to which exclusion the plaintiff excepted.

The plaintiff then moved to set aside the verdict, and that a new trial might be had, on the ground, that the verdict was rendered in consequence of the rejection of evidence of the commission and proceedings thereunder, which are more particularly stated in the exception taken in this cause; the plaintiff insisting, that he relied on such commission and proceedings, as proper, competent, and sufficient evidence, in the cause; and that the objection taken to the same, at the trial of the cause, operated as a surprise upon him. That under all the circumstances detailed in the bill of exceptions, before stated, he ought to have an opportunity of submitting his case to another jury. This motion the county court overruled.

The plaintiff appealed to this court.

The cause was argued before ARCHER, C. J., SPENCE, MARTIN and MAGRUDER, J.

By N. BREWER, OF JOHN, and T. S. ALEXANDER, for the appellants, and

By RANDALL for the appellee.

SPENCE, J., delivered the opinion of this court.

In this case, on motion of plaintiff's counsel, leave was granted by the court, with consent of counsel, to issue a commission to *William S. Triplett*, of *Richmond, Virginia*, to take testimony. The commission was issued on the 5th day of June 1844.

At the trial of this cause, the plaintiff, to maintain the issues on his part, offered to read to the jury, the commission, and proceedings under it. The defendant objected, on the ground, that he had *no notice of the time, place, and mode, of executing* said commission; which objection the court sustained. "The plaintiff proved, that his interrogatories were filed with the clerk of the court, the 9th of September 1844; that the commission, with a copy of his interrogatories, were enclosed together, and sent by mail *to the commissioner therein named.* And that said commission and interrogatories, with the proceedings under the commission, were returned to the clerk's office. And further proved, that on or about the 9th of September 1844, and before the commission was sent to the commissioner aforesaid, a copy of said interrogatories was served on the defendant's counsel; who, at the time of the service, stated, that he wanted time to file cross-interrogatories."

This court has repeatedly decided, that, in the execution of a foreign commission, no notice of the time and place of its execution was requisite. *Calvert vs. Cox*, 1 *Gill*, 119. We should have supposed, but for the statement in the exception, that this would not have been the ground on which the testimony was excluded.

This court in the case of *Calvert vs. Cox*, decided, that, in executing a foreign commission, "all the notice required, is that of the interrogatories sent out with the commission; actual

41    v.4

or constructive notice, should be given to the opposite party in time for him to exhibit cross-interrogatories, before the transmission of the commission.''

In this case there was proof, that on or about the 9th of September 1844, and before the commission was sent to the commissioner, a copy of the plaintiff's interrogatories was served on the defendant's attorney.

If the service of notice of the interrogatories, on the opposite party, in the execution of a foreign commission, is to accomplish the same end, as notice of the time and place of executing a domestic commission, assuredly it must be a reasonable notice; and such time should be allowed, between the service of the notice and sending out the commission, as would enable the party notified, if he desired it, to file cross-interrogatories.

The evidence in this case, is, that the notice was served on the defendant's attorney, on or about the 9th of September 1844, and before the commission was sent to the commissioner; but whether one hour, one day, or one week, does not appear. The plaintiff, in this case, ought to have shewn affirmatively, that the defendant had reasonable time, from the service of the notice to the time when the commission was sent out, to have filed interrogatories, if he had desired it.

If the county court did reject this evidence, for a reason which this court deems erroneous, (as the record imports,) yet, inasmuch as there were legal grounds for its rejection, or in the language of this court, in *Sotheron vs. Weems*, 3 *G. & J.*, 435 : ''If it be inadmissible on any ground, it should be rejected;'' and therefore we affirm the judgment.

JUDGMENT AFFIRMED.

At the same term, after the affirmance, ALEXANDER, for the appellant, moved the court for a writ of *procedendo*, under the act of 1830, ch. 186.

That act declares, that in all cases of appeals brought by the *plaintiff* (below) upon a *bill of exceptions*, when the judgment excepted to *shall be affirmed*, and it shall appear to the Court of Appeals, that the substantial merits of the case are not determined by the said judgment, the said court shall and

may, in their discretion, direct their clerk to return the transcript to the court, which gave judgment, with a writ of *procedendo*, commanding a new trial, &c., and the county court shall proceed in such action, by *amendment of pleadings, or otherwise*, as now practised, &c., *provided* that nothing herein contained shall authorise the return of any transcript in any cause, *where the judgment of the Court of Appeals would be a bar to a new action upon the same cause.*

The counsel for the appellant said, it appeared from the commission which had been rejected, and which contained a record of the *Virginia* judgment, that on the 5th Oct. 1840, the justices of the county court of *Caroline* county, *Va.*, at the relation, and for the benefit of *Charles S. Jones*, had filed a declaration against the appellant and appellee in a plea of debt, suggesting a breach of a bond, which the said parties and another had given, for the performance of the duty of administrator of *Benjamin Sedwick*, deceased, by the appellee; and that *Jones*, by a decree of the *Circuit Superior Court of Spottsylvania*, rendered on the 6th September 1836, had recovered against the appellee here $1054.40, with assets, which he had wasted. The action of the 5th October 1840, as respected *J. C. S.*, abated by his non-arrest. That *Parker* being arrested and not appearing, judgment was entered against him *nisi*, &c. That he afterwards appeared and pleaded: that on the 29th December 1840, verdict for $1054.57, with interest from 26th September 1836, and judgment, were rendered against him, which he had paid.

The judgment of the 29th December 1840, is, "that the plaintiff, (the justices, &c.,) for the benefit of the said *C. S. J.*, recover against the defendant, *(S. H. P.,)* two thousand dollars, the debt in the said declaration mentioned, and their costs by them expended; and the said defendant in mercy, &c. But this judgment is to be discharged by the payment of the said $1054.57, the damages assessed, as aforesaid, with interest thereon, as aforesaid, and the costs, and such other damages as may be hereafter assessed, upon a writ or writs of *scire facias* being sued out thereon, and new breaches assigned by any person or persons injured."

Now the declaration in this cause, describes a judgment recovered against the said *S. H. P.*, one of the sureties of *J. C. S.*, for "as well the sum of $2000, *for his damages*, to be released on the payment of $1054.57, current money, which they, (the justices,) had sustained by reason of the *non performance of certain promises and assumptions*, to the said relators, by the said *J. C. S.*, as administrator, before that time made, as also his proper costs; whereof the said *S. H. P.*, as surety aforesaid, is convict, as by reference to the record and proceedings will, &c., which said judgment, &c., hath been fully paid by the said *S. H. P.*, as surety," &c.

It is clear, then, there is here a substantial variance. The *Virginia* judgment was rendered in an action of *debt*. The judgment is in debt for the penalty of the original administration bond, for $2000. The terms of its release are stated. In the declaration in this cause, the judgment is pleaded upon, as if rendered in action of *assumpsit*. The sum of $2000 is treated as damages, and the $1054.57, parcel thereof, are alleged to be due for the non-performance of certain promises and assumptions.

Now, suppose the appellant were to commence a new action for money paid, laid out and expended, by him, for the use of the appellee, could the proceedings in this present action, though affirmed by this court, be relied upon as a bar? As soon as pleaded in bar, the plaintiff could show that the nature of the action was not the same. It would appear, that the money paid, and now claimed by the plaintiff, was not for a violation of promises and assumptions of *Sedwick* to the relators, &c., but for breach of the condition of a bond, covenanting to perform certain duties into which *Sedwick* and he had entered. Whether the form of action adopted in *Maryland*, was debt or *assumpsit*, the same variance would still appear. Moreover, in this action, the writ is in debt, while the declaration is, if any form at all, in *assumpsit*. The proceedings are most informally pleaded.

It is insisted, therefore, that by reason of the substantial variance in this cause from the proceedings in *Virginia*, as well as from the legal nature of the plaintiff's real demand,

the judgment in this case would be no bar to another action for the plaintiff's claim.

I ask for a *procedendo, non obstante,* the affirmance, under the act of 1830, ch. 186. This court decides the cause upon a point not disclosed below. In effect, looking to all the facts, the judgment is a harsh one. It decides no merits, and naturally leads to more controversy, and all would desire that the merits might go to a jury for decision. The pleadings may be amended and justice done.

RANDALL, for the appellee, insisted, that the claim had no merits. It was a stale demand, originating in 1824, recently compromised by the plaintiff. The effect of the proof in the rejected commission, to which the court may look upon this motion, shows the plaintiff without merits. Under the act of 1830, it should appear affirmatively to the court, that the merits are with the plaintiff, or they will not award another trial, and so provoke controversy. This is, in truth, no more than an effort to renew the motion for a new trial, which was refused below.

The act of 1830, ought not to give more extended relief than the old *procedendo* acts. That writ was never granted, where it was seen the plaintiff could not recover. *Evans' Prac.,* 446. *Turner vs. Jenkins,* 1 *Har. & Gill,* 164.

By the COURT :—

*Procedendo* and a new trial awarded under the act of 1830, ch. 186.