(No. 10998.)

H. KOELLER *et al.* Defendants in Error, *vs.* W. W. SALISBURY, Plaintiff in Error.

*Opinion filed December 21, 1916.*

1. DRAINAGE—*organization of sub-district under section 59 of Levee act does not create a separate corporate body.* In organizing a sub-district under section 59 of the Levee act the commissioners of the original district are exercising the jurisdiction conferred at the time of the organization of the original district, and the sub-district is not an independent body politic or corporate but a part of the original district. (*Sny Island Levee Drainage District* v. *Boyd Drainage District,* 273 Ill. 533, adhered to.)

2. SAME—*separation of sub-district's funds does not show separate corporate existence.* The provision of the Levee act that all assessments in the sub-district shall be kept as a separate fund belonging to the sub-district does not show that a separate corporate existence was intended but is only a matter of book-keeping, to avoid the possibility that the amount raised for the local work might be intermingled with the general funds of the district.

3. SAME—*making commissioners of the main district ex-officio commissioners of sub-district does not make the latter a separate drainage district.* The use of the word "*ex-officio*," in section 59 of the Levee act, does not create any new office or officials, and the fact that the commissioners of the main district are *ex-officio* commissioners of the sub-district in no way tends to prove that the latter is a separate drainage district, but rather indicates that the main district and its officers are to control the lands in the sub-district to the exclusion of all other authority.

4. SAME—*extent of authority of a drainage district organized under a general law.* Whenever land owners petition for the formation of a drainage district under a general law they are deemed to have assented not only to the provisions of that law but to all subsequent provisions which may be added to it enlarging or limiting the powers of the district, and hence a drainage district organized under the Levee act of 1879 has all the powers of a district organized under the amended act of 1913. (*People* v. *Lease,* 248 Ill. 187, approved.)

5. CONSTITUTIONAL LAW—*amendment of section 59 of Levee act in 1913 is valid.* The amendment of section 59 of the Levee act in 1913, which permits the drainage commissioners, under certain conditions, to organize a sub-district without the necessity of a petition of the land owners, is constitutional.

WRIT OF ERROR to the County Court of Pike county; the Hon. PAUL F. GROTE, Judge, presiding.

WILLIAM & BARRY MUMFORD, for plaintiff in error.

RAY N. ANDERSON, and BEN H. MATTHEWS, for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This writ of error was sued out to review the decision of the county court of Pike county which held a sub-district of the Sny Island Levee Drainage District legally organized.

The proceeding to organize said sub-district was had under section 59 of the so-called Levee act, (Hurd's Stat. 1916, p. 1014,) on petition of the commissioners of the said drainage district and without the direct assent of the interested land owners affected by the sub-district. The Sny Island Levee Drainage District was organized in 1880 and embraces about 110,000 acres of bottom land. The sub-district here in question is called Kizer Creek Sub-district, embracing about 10,000 acres adjacent to said creek and lying entirely within the limits of the main district. Kizer creek serves a large watershed and at times carries large volumes of water towards the Sny canal, a natural stream,

and the Sny having no sufficient channel to permit this water to flow through, it spreads out over the lands adjacent and causes much damage. It is not denied that the work proposed in this sub-district will be beneficial to that locality, the only argument being that the provision of said section 59 as now amended, permitting the commissioners of the main district to initiate the proceedings for the sub-district without the direct assent of the land owners, is unconstitutional, on the ground that the said commissioners are not "corporate authorities" within the meaning of section 31 of article 4 of the constitution.

Section 59 first appeared in the Levee act in 1885. As originally enacted it provided that some owner or owners might make an application to the commissioners of the district stating that additional ditches, drains and outlets, etc., were needed, and upon such application being made it was the duty of the commissioners to examine the lands, make plans and specifications and give notice to the persons interested in the tracts of land to be affected. This act, as subsequently amended, before 1909 did not change the method of organizing the sub-district as originally provided. In *Dewell* v. *Sny Island Levee Drainage District,* 232 Ill. 215, this court held that under the section as it then read the only lands that could be included in a sub-district were those owned by the persons making the application and those across which the work was to be constructed. Following this decision, the section was amended in 1909, providing, among other things, that a sub-district might be formed on the application of some owner or owners of land. This court, in *Sny Island Levee Drainage District* v. *Dewell,* 256 Ill. 126, had occasion to review the section as amended in 1909, and held that under proper petition a sub-district could be formed whether all the land owners were willing or not, provided such application was made by at least one-third of the owners owning a major part of the land or by a majority of the owners owning at least one-third of the land. In

1913 the section was amended so as to provide, among other things, that if the lands in the particular localities in the main district were "in need of more minute and complete drainage, and it shall appear to the commissioners that, in their judgment, additional ditches, drains, outlets, levees, pumping plants or other work are needed, in order to afford more complete drainage, they may prepare a special report as hereinafter provided and file the same and organize a sub-district in the manner hereinafter set forth without the necessity of a petition of the land owners therefor." (Laws of 1913, p. 269.)

This court stated in *Sny Island Levee Drainage District* v. *Boyd Drainage District,* 273 Ill. 533, that in organizing a sub-district under said section 59 of the Levee act the commissioners of the original district were only exercising the jurisdiction conferred at the time of the organization of the original district, and that the sub-district was not an independent body politic or corporate but merely a part of the original district, and the corporate authorities of the main district acted for the sub-district. Counsel for plaintiff in error admit that if this statement in the case just cited is the law, the amendment made in 1913 to said section 59, of which they now complain, must be held constitutional, but they argue that the part of the opinion which contains the doctrine just quoted, as to a sub-district not being an independent municipal corporation, was dictum and not necessary to the decision of that case. With this we do not agree. As we understand the issues in that case, the Boyd Drainage District contended that the Sny Island Levee Drainage District, when it undertook to organize the Hadley Creek Sub-district, was organizing a new and independent drainage district which would include lands in the Boyd district, while the Sny Island Levee Drainage District contended that said sub-district was not a new and independent district,—hence the question was directly involved. We do not see how it can be said that the language referred

to in that decision was not necessary to the decision of the case.. No question is raised, or can properly be raised, as to the commissioners of the main Sny Island Levee Drainage District being "corporate authorities" within the meaning of the constitution.

The argument that the provision of the Levee act that all assessments shall be kept as a separate fund belonging to such sub-district tends strongly to show that a separate corporate existence of the sub-district was intended, is, we think, without merit. The separation of these funds is only a matter of book-keeping, to avoid the possibility that the amount raised for the local work might be intermingled with the general funds of the district.

The argument as to the power to issue bonds for the sub-district must be answered in the same manner. Such bonds, when issued, are the corporate bonds of the entire district but payable entirely out of the assessments levied in the sub-district. The fact that the statute provides that sub-districts may own and operate separate pumping plants has reference to the character of the work that may be done by a sub-district. The pumping plant would belong to the local sub-district in the same sense that such sub-district owns its own ditches and levees,—in other words, the pumping plant and other work are paid for by assessing the lands within the sub-district. Even though technically the legal title of such pumping plant is in the main district, such plant would have to be used for the sole benefit of the lands in the sub-district. The fact that lands outside the sub-district may make connections with the lands in the sub-district and may be annexed under the provisions of said section by action of the commissioners of the main district is an argument in favor of the sub-district not being an independent corporation rather than otherwise. The fact that the commissioners of the main district are *ex-officio* commissioners of the sub-district in no way tends to prove that the sub-district thus becomes a separate drainage district. It indicates,

rather, that the main district and its officers are to control the lands in the sub-district to the exclusion of all other authority. The use of the word *"ex-officio"* does not create any new office or officials. *Owners of Lands* v. *People*, 113 Ill. 296; *Kilgore* v. *People*, 76 id. 548.

In *Sny Island Levee Drainage District* v. *Shaw*, 252 Ill. 142, this court held that the power of the commissioners to file a petition for an additional assessment, under section 37 of the Levee act, without a petition of the land owners, was constitutional. We cannot see why, if section 37 is constitutional in this regard, the provision of section 59 here in question must not also be held a valid enactment. The decisions relied on chiefly by counsel for plaintiff in error are those which construe special or local drainage acts. The correct rule, as applied to a drainage district under a general law as distinguished from a local or special law, is, that whenever land owners petition for the formation of a drainage district they must be deemed to have assented not only to the provisions of that law, but to all subsequent provisions which may be added to the general law, enlarging or limiting the powers of the drainage district, otherwise districts organized under the general law would have limited or general powers, depending upon the time of their organization, and no two districts would have the same powers. A drainage district organized under the original Levee act of 1879 must necessarily have all the powers of a district organized under the amended act of 1913. That is practically the holding of *People* v. *Lease*, 248 Ill. 187.

We have not found it necessary to consider or decide whether, if it were assumed that a sub-district organized under section 59 was a separate corporate entity, intended as a new district, the corporate authorities of such district are such authorities as are within the meaning of section 31 of article 4 of the constitution. We do not intend to have anything said here bear in any way upon the decision of that question.

We re-affirm the holding of this court in *Sny Island Levee Drainage District* v. *Boyd Drainage District, supra,* that a sub-district, under said section 59, is not an independent municipal organization but is only a subdivision of a larger work and intended merely for a convenience in the management of such work, depending upon the original work for carrying out the purposes of the sub-district, the corporate authorities of the main district acting for the sub-districts.

The judgment of the county court of Pike county must be affirmed.

*Judgment affirmed.*