## George K. Richmond, Appellee, v. Drainage Commissioners of Union District No. 1, Appellant.

### Gen. No. 9,286.

Opinion filed May 10, 1938.

SHELDON & BROWN, of Sterling, for appellant.

WARD, WARD & SCHEINEMAN, of Sterling, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

George K. Richmond, plaintiff appellee in this suit, brought this action against the Drainage Commissioners of Union District No. 1, in Hume and Prophetstown Townships in the county of Whiteside, Illinois, to compel the defendant to construct a bridge across a ditch running through the plaintiff's farm, and if sufficient funds are not on hand, to levy a tax for that purpose.

In his petition for mandamus the plaintiff claimed that the defendant's ditch runs through an inclosed

field or parcel of land on plaintiff's farm; that under the law the defendant is required to build and maintain a bridge for him at the location of a present bridge which it is alleged the defendant built and has maintained since the organization of the district; that the bridge has partly fallen into the drainage ditch, and it is now unfit for use.

The defendant filed its answer in which it denied that the open drain in question crosses an inclosed field of the plaintiff and that under the law and the facts the defendant cannot lawfully build and maintain said bridge, nor levy a tax for such purpose.

The drainage district in question was organized under the law of 1879 and amended by an act passed in 1881. The district was organized July 20, 1882. At the time of the organization of the district in question, Cyrus Emery was the owner of the farm now owned by the plaintiff, in sections 19 and 30 in said district. On September 2, 1882, said Cyrus Emery entered into an agreement with the drainage commissioners for a right of way across the east half of the northwest quarter of said section 30, in which he was allowed damages for the right of way of a ditch across the premises, and the commissioners further agreed to make and maintain a good and sufficient bridge for the use of said Cyrus Emery at a point where his private road crosses said ditch. For the land taken and damage to Cyrus Emery's farm, he was paid the sum of $570. Soon after the organization of the drainage district the commissioners built a bridge across the ditch on Emery's land. This bridge was used by Emery until 1911 or 1912, when the bridge was rebuilt by the drainage district. The bridge has been used continuously until a short time before this suit was started, when one end dropped down. The bridge is in such a condition that it cannot be used unless it is rebuilt. The court heard the evidence in the case and ordered a writ of manda-

mus as prayed, and the case has been issued. It is from this order that the drainage commissioners have appealed the case to this court for review.

The appellants have assigned numerous reasons why the judgment should be reversed, but their main contention is that under the present Farm Drainage Act, the drainage commissioners are not required to build the bridge in question. In the case of the *People v. Bowman*, 247 Ill. 276, the court uses this language on page 286: "The sanitary district and the drainage districts are all municipal corporations and creatures of the legislature. By their incorporation they acquire no contract rights. They are merely parts of the machinery employed in carrying on the affairs of the State. They exist only for public purposes, and possess no powers except such as are given them for public or political purposes. The legislature has the right at all times to regulate and control them, their franchises and their funds, and to alter, modify or abolish them at pleasure, so that their property is not diverted from the uses and objects for which it was given or purchased."

Since the amendment of the Constitution in 1878, the courts have held that corporations formed for drainage purposes are public corporations. *Heffner v. Cass and Morgan Counties,* 193 Ill. 439.

The district in question was organized pursuant to the laws of 1879 and later laws. In the case of *Koeller v. Salisbury,* 276 Ill. 230, on page 235 the court was discussing a drainage district and the laws applicable thereto, in their opinion say: "The correct rule as applied to a drainage district under the general law as distinguished from a local or special law, is, that whenever land owners petition for the formation of a drainage district they must be deemed to have assented not only to the provisions of that law, but to all subsequent

provisions which may be added to the general law, enlarging or limiting the powers of the drainage district, otherwise districts organized under the general law would have limited or general powers, depending upon the time of their organization, and no two districts would have the same powers. A drainage district organized under the original Levee Act of 1879 must necessarily have all the powers of a district organized under the amended act of 1913.''

The case of *Gasaway v. North Branch Drainage District,* 339 Ill. 103, is cited by both appellant and appellee as sustaining their theory of the case. The appellee relies upon that part of the opinion found on page 107, which is as follows: ''Statutes providing for the organization of drainage districts are authorized by section 31 of article 4 of the constitution. Such districts are quasi-public corporations charged with certain governmental functions in the reclamation of lands and improvement of sanitation. The rule is, and has long been in this State, that statutes providing for the organization, government and dissolution of such public or quasi-public corporations may be changed, modified or repealed and additional burdens may be imposed upon or powers taken from such corporations by amendment to existing statutes or by additional legislation, and such legislation does not deprive such corporations of vested rights. (*Chicago, Burlington and Quincy Railway Co. v. People,* 212 Ill. 103; *Hollenbeck v. Detrick,* 162 id. 388; *Jones v. Town of Lake View,* 151 id. 663; *Smith v. People,* 140 id. 355.) Statutes requiring the construction or removal of bridges by public corporations at the expense of such corporations are not in contravention of any constitutional provision. (*Hunt Drainage District v. Harness,* 317 Ill. 292; *People v. Lake Fork Drainage District,* 231 id. 435; *Union Drainage District v. O'Reilly,* 132 id. 631.) The duty to construct and maintain bridges where im-

posed by statute is a continuing legal duty. *People v. Lake Fork Drainage District, supra; Union Drainage District v. O'Reilly, supra.*

"It is obvious that the amendment of 1927 to said section 74 operated to remove the defense of the Statute of Limitations to the demand of the land owner for a bridge, if such defense existed, since it applies to all districts in which the work was commenced prior to June 28, 1919, and the five-year Statute of Limitations, if applicable, had run long prior to the enactment of the amendment of 1927. The effect of that amendment was to give to the owners of any enclosed field or parcel of land within the district organized prior to 1919, and across which the drain of the district extended, the right to require the district to build a bridge across its drain where such is necessary to free access to the parts of such land lying on either side of said drain. Under the authorities herein referred to and for the reasons there stated, such law is not invalid as depriving the district of any vested right."

From the foregoing authorities it seems clear to us that the Act of 1927 applies to all drainage districts which were organized prior to the passage of this act, and requires the district to build and maintain bridges over open ditches in the district when the same crosses an inclosed parcel of land. If it does it necessarily includes the district in question. The language of the court is clear where it says, "it applies to all districts in which the work was commenced prior to June 28, 1919."

It is next insisted by the appellant, that plaintiff would not be entitled to such a bridge even if this district had been organized under the Act of 1885, prior to June 28, 1919, because the land in question is not an inclosed field or inclosed parcel of land within the meaning of the statute. The appellant contends that the Supreme Court of this State defined what is meant

by "enclosed parcel of land" in the *Gasaway* case, *supra*. It will be observed in the *Gasaway* case that in order for Gasaway to go from one part of his land to another, he would either have to cross the ditch or go onto land owned by other parties. The court held that under such conditions the Gasaway land was an inclosed parcel, but did not attempt to say that this was the only condition that could be construed to be an "enclosed parcel of land." In the present case the appellee has had the land inclosed by a fence from his farm buildings down to the bridge and across to a parcel of land beyond the drainage ditch. This land was all inclosed by fences. The appellants have recognized this as being an inclosed parcel of land, since they built the first bridge at the time the drainage ditch was constructed. The statute in question should be given a reasonable construction. If this bridge is not rebuilt it will be necessary for the appellee to go approximately four miles in order to get to the farm land on the other side of the drainage ditch. It is our conclusion that the appellee's land is an inclosed parcel of land as designated by statute.

We find no reversible error in the case and the judgment of the circuit court of Whiteside county is hereby affirmed.

*Judgment affirmed.*