# AUGUSTUS H. DAHLER

## *vs.*

# WASHINGTON SUBURBAN SANITARY COMMIS-SION, a Corporation.

*Taxpayers: invalid laws; injunctions; sanitary districts; power*
   *of Legislature to create, across county lines; Chapter 122*
      *of the Acts of 1918.   Taxation: special districts;*
         *different rates for agricultural lands; Chapter*
            *122 of the Acts of 1918. · Title of stat-*
               *utes: Section 29 of Article III*
                  *of the Constitution; need not*
                     *give all details or means*
                        *to be adopted.*

A taxpayer, liable for assessment and taxation, is entitled to maintain a suit for an injunction to restrain the enforcement of a tax law, if it is invalid.                          p. 646

Chapter 122 of the Acts of 1918, creating a sanitary district of certain portions of Prince George's and Montgomery Counties, is not in conflict with Section 1 of Article XIII of the Constitution, relating to the changing of county lines.          p. 648

The Legislature has the power to create special sanitary districts without regard to county lines, and may charge the expense of such work against the parties to be specially benefited, and make such charge a lien against their property.      p. 648

The provisions of the Act making discriminations in favor of agricultural lands in the district, as regards assessment and taxation, are not unconstitutional where the rates are uniform as to all property within the district.                      p. 649

While the title of the statute, to comply with Section 29 of Article III of the Constitution, must fully indicate the purpose of the Act, the title need not give an abstract of its contents, nor the details, means and methods by which its general purpose is to be accomplished.                                    p. 650

The title of Chapter 122 of the Acts of 1918, providing a sanitary district out of portions of Prince George's and Montgomery Counties, sufficiently describes the subject-matter of the Act, and is valid.                                    p. 650

*Decided January 16th, 1919.*

Appeal from the Circuit Court for Prince George's County.   In Equity.   (BEALL, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*S. Marvin Peach* (with whom was *T. Van Clagett* on the brief), for the appellant.

*Charles W. Clagett* and *T. Howard Duckett*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The appeal in this case is from a decree of the Circuit Court for Prince George's County dismissing a bill in equity filed by the appellant for an injunction to restrain the appellee corporation from carrying out the provisions of Chapter 122 of the Acts of 1918, creating a suburban sanitary district within the counties of Montgomery and Prince George's, in the State of Maryland, and contiguous to the District of Columbia.

The validity of the Act is assailed upon five stated grounds alleged in the bill, but only two of these were urged in the argument and appear only to be relied upon by the appellant in his brief.

The defendant answered the bill, and the case was heard upon bill, answer and exhibits, and from a decree of the Court holding the Act to be valid and constitutional, refusing the relief by injunction and dismissing the bill the plaintiff has appealed.

The appellant is a citizen of the State of Maryland, a resident of the town of Bladensburg, in Prince George's County, and a taxpayer in the suburban sanitary district created by the Act.

As such taxpayer, he is liable for the assessments and taxation for the general purposes of the Act, and it is no longer an open question in this State that if the statute is invalid and injurious to him he has a clear right, as a taxpayer, to maintain this suit. *Baltimore* v. *Keyser,* 72 Md. 106; *Painter* v. *Mattfeldt,* 119 Md. 466.

The title of the Act is:

> "An Act to create a sanitary district within Montgomery and Prince George's Counties contiguous to the District of Columbia; to incorporate the same and to provide for the government thereof; to provide for the construction, maintenance, operation, purchase, or condemnation of water supply, sewerage and refuse disposal systems; to provide for the issuance of bonds for the purpose of such construction; and the levy of taxes, assessments and benefits, water charges and rates for the payment of said bonds; and the operation, maintenance, regulation and control of said systems, and for other purposes."

The Act contains eighteen sections and covers over seventeen pages of the printed Laws of Maryland of 1918, and incorporates certain sections or parts of the two counties within the bounds and area specifically named therein as

DAHLER vs. WASH. SUB. SAN. COM'N.    647

Md.]                    Opinion of the Court.

"The Washington Suburban Sanitary District," for the purposes named in the statute.

The object and purpose of the Act is to bring within the jurisdiction of a commission, acting for these counties within the territory incorporated, an elaborate and complete system of water supply, sewerage and drainage in this district, by which the sections and communities would be served with water from some adopted source and the sewerage carried to some common point for treatment or discharge.

The sanitary district will cover an area of about ninety square miles of territory, and will practically include all of the territory contiguous to the District of Columbia in the State of Maryland. The present population of this district, including the incorporated towns, is about 40,000 and the assessed valuation of its property about twenty-five millions.

The legislation adopted and the plan for the creation of the sanitary district and the method, ways and means for the construction and operation of the system proposed were recommended to the Legislature of 1918 in a detailed report by a commission which had been appointed by Chapter 313 of the Acts of 1916 for the purpose of considering the subject.

The objections raised to the constitutionality of the Act, as stated in the bill, are, (1) that it violates and is in conflict with Section 1, Article 13, in that it creates an administrative and taxing district of parts of two counties, without the consent of the residents of those parts of the county included in the district; (2) that the classification of the property for taxation is arbitrary and unreasonable and without regard to equality and uniformity; (3) that its provisions relating to assessments are unjust and arbitrary, and that the Act fails to provide for a proper hearing or review of the action of the commission as to taxation and assessment; (4) that it discriminates between productive and non-productive agricultural land, and (5) that the Act embraces more than one subject not described in its title, and therefore violates Section 29 of Article 3 of the Constitution.

The first objection, that the Act is in contravention of Section 1, Article 13 of the Constitution, is clearly not tenable. It is obvious that the Act has no relation whatever to Section 1, Article 13 of the Constitution, which has to do with new counties. It does not in any way change the lines of any county, nor interfere with the general jurisdiction of either of the counties mentioned in the Act, but creates a sanitary district or a special taxing district within the lines of two counties for local improvements which are essential to the health and prosperity of the community within its border.

The exercise of this power by the Legislature has been sustained by the courts of this State and by the Supreme Court of the United States in a number of decisions. *Balto.* v. *State,* 15 Md. 376; *Daly* v. *Morgan,* 69 Md. 460; *Revell* v. *Annapolis,* 81 Md. 1; *Thrift* v. *Laird,* 125 Md. 55; *Welch* v. *Coglan,* 126 Md. 15.

In *Hagar* v. *Reclamation District,* 111 U. S. 701, the Supreme Court said the fact that lands may be situate in more than one county can not affect the power of the State to delegate the authority. Such authority may be lodged in any board or tribunal which the Legislature may designate. The expense of such works may be charged against parties specially benefited, and be made a lien upon their property. This is a matter purely of legislative discretion. Whenever a local improvement is authorized, it is for the Legislature to prescribe the way in which the means to meet its costs shall be raised, whether by general taxation or by laying the burden upon the district specially benefited by the expenditure. *Orr* v. *Allen et al.,* 248 U. S. 35   *   *   *   *   *   * *Mobile* v. *Kimball,* 102 U. S. 691; *Orr* v. *Allen et al.,* 245 Fed. Rep. 488.

The second, third and fourth objections of the Act relate to questions of taxation and assessment and the classification of the property, under Section 8 of the Act.

This section, it will be seen, provides for the classification by the commission of all property within the sanitary district into four classes for the purpose of assessing benefits for the

DAHLER vs. WASH. SUB. SAN. COM'N.    649

Md.]                    Opinion of the Court.

construction of the water supply and sewerage system, name-
ly, agricultural, small acreage, industrial or business and
subdivision property, and to be assessed in accordance with
its classification. The commission may change the classifica-
tion of properties from time to time as the properties change
in the uses to which they are put. The Act also provides
for written notice and a hearing before the commission as to
both classification and assessments of benefits, and the Pub-
lic Service Commission is given jurisdiction to determine
upon appeal the reasonableness of all assessments, tax levies
or service charges, as in the case of public service corpora-
tions. We find nothing in the provisions of this section that
in any way contravenes or is in conflict with the State or
Federal constitutions.

The contention that the provisions of the Act impose an
unjust discrimination in favor of agricultural lands when in
use for farming and trucking purposes and when not in such
use is based upon an improper construction of the Act, and
can not be sustained.

Nor do we find any valid objection to the classification of
the property for assessment and taxation as prescribed by the
Act. The rates of assessment and taxation will be equal and
uniform as to all the property within the taxing district,
and this being so it can not be said that its provisions are in
conflict with any constitutional requirement. *Daly* v. *Mor-
gan,* 69 Md. 460; *Leser* v. *Wagner,* 120 Md. 680.

This brings us to the last and fifth objection to the Act,
and that relates to its title. It is contended that the law is
invalid because in conflict with Section 29, Article 3 of the
Constitution, which provides that every law shall embrace
but one subject and that shall be described in its title.

The title of this Act is very broad and comprehensive and
contains a very clear and definite description of the subject-
matter of the Act.

The rule is well settled by a long line of cases in this
Court that, while the title must indicate the purpose of the
Act, it need not give an abstract of the contents of the Act

or the details thereof, nor need it mention the means and methods by which the general purpose is to be accomplished. *Fout* v. *Frederick County,* 105 Md. 545; *Co. Commrs.* v. *Meekins,* 50 Md. 28; *Stevens* v. *State,* 89 Md. 669; *Queen Anne's Co.* v. *Talbot Co.,* 99 Md. 13; *Crouse* v. *State,* 130 Md. 370; *Ruehl* v. *State,* 130 Md. 189.

The title, upon examination, will be seen fully describes the subject-matter of the Act—that is, the sanitary system for the protection of the public health within the district designated. There is nothing in the Act itself that is foreign or not germane and does not relate to what the title indicates.

The purchase and cancellation of bonds, issued by authority of Chapter 313 of the Acts of 1916, out of the funds derived from any issue of bonds under the Act is a part of the subject-matter covered in the title for the construction of the sanitary system and the issuance of bonds for the development of the same water and sewer systems provided for by the Act.

As we find no reason for declaring the Act of 1918, Chapter 122, invalid or in conflict with any provision of the State or Federal Constitutions, the decree of the Court below denying the relief sought by injunction and dismissing the plaintiff's bill must be affirmed.

*Decree affirmed, with costs.*