STERNBERG v. WAKONDA DRAINAGE AND LEVEE DIST. IN FULTON COUNTY, ILLINOIS, et al.

Circuit Court of Appeals, Seventh Circuit. June 3, 1929.

Rehearing Denied July 18, 1929.

No. 4147.

S. M. Wallace, of St. Louis, Mo. (Miller, Elliott & Westervelt, of Peoria, Ill., of counsel), for appellant.

Glenn Ratcliff, of Lewistown, Ill., and C. W. Heyl, of Peoria, Ill., for appellees.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. On motion, this case was dismissed as to the drainage district, and demurrers to the declaration by the other defendants were sustained.

The substance of the declaration is that, after the drainage district let a contract to do the work of the district to defendant, the Edward Gillen Dock, Dredge & Construction Company, called Gillen, appellant made with Gillen a subcontract, under which appellant was to furnish all of the necessary machinery and appliances and was to begin work May 1, 1923; that defendants Whitnah, Betts, and one Routson (deceased, and whose executors are sued) were, and the two former are now, the commissioners of the drainage district; that the commissioners repeatedly urged appellant to prepare for and begin the work that they represented was ready to be performed; that appellant, at large expense, promptly made the necessary preparations and informed the commissioners of his readiness to begin the work, but that they prevented him from doing so; that the commissioners failed and neglected

to obtain permits to do the work, as the law required them to do, from the United States and the state of Illinois; that appellant remained unadvised and ignorant of that neglect and assumed, and was caused to believe and be assured, that nothing prevented performance of the work; that in a proceeding under the laws of Illinois, to which appellant was a party, it was adjudged that the contract with Gillen was void, and that, as to the drainage district, with whom appellant had no contract, his contract was also void; that neither contract created any indebtedness. Duck Island Club v. Gillen Co., 330 Ill. 121, 161 N. E. 300. It is then alleged that the commissioners wrongfully failed and neglected to advise appellant of their failure to secure the permits, as it was their duty so to do; that appellant did not know of such failure. The damages claimed are the costs of a dredge, constructed to do the work under the contract, the maintenance thereof, the reasonable rental therefor, and the profit appellant alleges he would have made under the contract.

The drainage district was a municipal corporation for a limited purpose. People v. Spring Lake Drainage Dist., 253 Ill. 479, 494, 97 N. E. 1042. We are of opinion that section 79, c. 32, 2 Callaghan's Ill. Stats. Ann. p. 1951, which saves rights of action as against dissolved private corporations, does not save rights as against drainage districts, after dissolution. It appears that whatever work appellant performed was done under his contract. In the dissolution proceedings, to which he was a party, the court, holding that his contract was void as against the district, also said that it made no difference that he had expended money in getting ready to perform. Duck Island Club v. Gillen Co., 330 Ill. 121, 123, 161 N. E. 300. We are of opinion that under that authority, and on authority of De Kam v. Streator, 316 Ill. 123, 146 N. E. 550, there can, under the circumstances shown, be no recovery as against the district.

The substance of appellant's complaint is that he was ignorant of the fact that permits to do the work had not been obtained, and that the defendants wrongfully failed and neglected to advise appellant of such failure. The only thing that defendants, other than Gillen, had to do with appellant, up to the time of the making of his contract with Gillen, was to consent that that contract might be made, and he did not make the contract relying upon anything that the commissioners did or failed to do.

Although it is averred that, after the making of the contract, the commissioners urged him to get ready to perform it, it is not alleged that he did anything pursuant to such urging, nor by reason thereof. The most that the declaration says is that what he did to get ready for the performance of his contract was done with the knowledge and consent of the defendants (other than the executors). It is averred that both the nature of the work and the law required that the permits be obtained. Appellant was chargeable with notice of what the law required and probably nobody knew what the nature of the work demanded better than he. His averment at this place in the declaration is that he "assumed and was caused by them to believe and to be assured, that nothing prevented the performance of said work." This is very indefinite and uncertain. That the commissioners caused him to believe that nothing prevented the performance of the work is a mere conclusion. The allegation that he assumed a thing, and at the same time was caused to believe it and was assured of it, are inconsistent statements, and bad pleading.

The declaration is fatally defective in that there is no averment that appellant did anything, relying upon what it is alleged was said to him by any of the defendants, or that he did anything because he was misled or deceived by the silence of the defendants.

The judgment of the district court is affirmed.