(No. 20002 )

MURTIE GASAWAY, Appellee, *vs.* THE NORTH BRANCH LAKE FORK SPECIAL DRAINAGE DISTRICT *et al.* Appellants.

*Opinion filed February 21, 1930—Rehearing denied April 4, 1930.*

GEORGE J. SMITH, and PETER MURPHY, for appellants.

HAROLD F. TRAPP, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This record presents an appeal from a judgment of the circuit court of Logan county awarding a writ of *mandamus* to appellee requiring appellants to build a bridge across a certain drainage ditch on lands owned by appellee. The cause comes here on an assignment of error attacking the validity of section 74 of the Farm Drainage act of 1885. The appellant drainage district was organized April 5, 1893, under the Farm Drainage act of 1885 and is located in the counties of Logan, Macon and DeWitt. Appellants answered the petition, denying the right of appellee to the relief sought and filed also a plea of the Statute of Limitations. Appellee replied to that plea, alleging a new promise within five years of filing the petition. Appellants filed a *similiter* to the traverse of the plea of the Statute of Limitations and a rejoinder as to the new promise alleged in the replication. Appellants also in their answer to the petition alleged that the amendment of 1927 to section 74 of the Farm Drainage act is unconstitutional. To this portion of the answer appellee filed exceptions, which were sustained. The cause was heard without a jury and the writ awarded.

There is no dispute as to the facts and it is conceded that the record presents but one question here,—that is, whether the amendment of 1927 to section 74 of the Farm Drainage act of 1885 is unconstitutional.

The district comprises about 9800 acres of land and has constructed a ditch about ten miles in length, with an average width at the top of thirty feet and an average depth of eight feet. Several lateral tile ditches are connected with this ditch. It appears from the record that at the time of the organization of the district and the digging of the ditch one Leonard K. Scroggin was the owner of

the land now owned by appellee and other lands in the district, the description of which is as follows: The northeast quarter and the east one-half of the northwest quarter of section 13, in township 18 north, range 1 west of the third principal meridian, in Logan county, comprising 240 acres of land. A public highway extends along the north and east sides of this section. The ditch of· the drainage district extended diagonally from the southwest to the northeast across the northeast quarter section of the land owned by Scroggin. There is a bridge in the public highway on the east side of Scroggin's land, and by it he was enabled to reach all parts of his 240 acres without crossing the ditch on his own land. On August 19, 1916, Scroggin died, and Angeline Rothwell, his daughter, mother of appellee, became the sole owner of the 240-acre tract. She died on March 18, 1921, leaving a will, by which she devised to appellee and to John Rothwell, her brother, the said tract of 240 acres as tenants in common. In 1922 appellee and Rothwell executed and delivered, each to the other, certain deeds, by which appellee became the sole owner of the south one-half of the 240 acres of land, and her brother, John Rothwell, became sole owner of the north one-half thereof. Appellee is therefore the owner of the south one-half of the northeast quarter and the south one-half of the east one-half of the northwest quarter of said section 13. The lands lying west and south of appellee's land belong to other parties, so that her land is "an enclosed field or parcel of land" within the meaning of the Drainage act. It will be seen that she owns three tracts of 40 acres each, lying in a line west from the north and south highway bounding section 13 on the east side thereof. The ditch in question extends from the southwest corner to the northeast corner of her middle forty, and she has no means of going from one part of her land to the other without crossing the ditch or crossing property not owned by her.

Prior to 1919 section 74 of the Farm Drainage act of 1885 provided that the drainage commissioners shall build and maintain from the district funds at least one bridge or proper passageway over each open drain where the same crosses any enclosed field or parcel of land, or may make a contract with the owner of such land to build and maintain such bridge or crossing. In 1919 section 74 was amended to provide that the drainage district should not be liable for building, enlarging or replacing any farm or· highway bridge across open drains of the district nor for the maintenance thereof, but the cost thereof, when occa-sioned by the work of the district, should be taken into consideration in determining the amount of damages to be allowed to the land owner and agreed upon or determined in the same way other damages were agreed upon or de-termined. In 1927 section 74 was again amended, embody-ing the provisions of the amendment of 1919 as to drain-age districts organized subsequent to June 28, 1919, but as to drainage districts in which the work was begun prior to June 28, 1919, this amendment provided: "The district commissioners shall construct or reconstruct and maintain at least one bridge or proper passageway over each open drain where the same crosses any enclosed field or parcel of land; and the cost of construction, or reconstruction, thereof shall be charged as part of the cost of construction of such drain, and the cost of maintenance thereof shall be paid by the commissioners from the district fund: *Pro-vided,* the commissioners may contract with the owners of land crossed by such drain to maintain or construct such bridges or crossings." Appellants' position is that this amendment takes from the drainage district the right to plead the five-year Statute of Limitations as a defense to an action to compel it to build a bridge, and that Scroggin, during his lifetime, not having demanded a bridge across the ditch, the plea of the Statute of Limitations was a com-plete defense against the petition of appellee for *mandamus*

to compel appellants to build such a bridge across a portion of that land now owned by her.

Statutes providing for the organization of drainage districts are authorized by section 31 of article 4 of the constitution. Such districts are quasi-public corporations charged with certain governmental functions in the reclamation of lands and improvement of sanitation. The rule is, and has long been in this State, that statutes providing for the organization, government and dissolution of such public or quasi-public corporations may be changed, modified or repealed and additional burdens may be imposed upon or powers taken from such corporations by amendment to existing statutes or by additional legislation, and such legislation does not deprive such corporations of vested rights. . (*Chicago, Burlington and Quincy Railway Co.* v. *People,* 212 Ill. 103; *Hollenbeck* v. *Detrick,* 162 id. 388; *Jones* v. *Town of Lake View,* 151 id. 663; *Smith* v. *People,* 140 id. 355.) Statutes requiring the construction or removal of bridges by public corporations at the expense of such corporations are not in contravention of any constitutional provision. (*Hunt Drainage District* v. *Harness,* 317 Ill. 292; *People* v. *Lake Fork Drainage District,* 231 id. 435; *Union Drainage District* v. *O'Reilly,* 132 id. 631.) The duty to construct and maintain bridges where imposed by statute is a continuing legal duty. *People* v. *Lake Fork Drainage District, supra; Union Drainage District* v. *O'Reilly, supra.*

It is obvious that the amendment of 1927 to said section 74 operated to remove the defense of the Statute of Limitations to the demand of the land owner for a bridge, if such defense existed, since it applies to all districts in which the work was commenced prior to June 28, 1919, and the five-year Statute of Limitations, if applicable, had run long prior to the enactment of the amendment of 1927. The effect of that amendment was to give to the owners

of any enclosed field or parcel of land within the district organized prior to 1919, and across which the drain of the district extended, the right to require the district to build a bridge across its drain where such is necessary to free access to the parts of such land lying on either side of said drain. Under the authorities herein referred to and for the reasons there stated, such law is not invalid as depriving the district of any vested right.

Appellee's land is an enclosed body of land within the meaning of the Farm Drainage act. It is necessary, in order to give her access to different parts of her land, that a bridge be constructed across the drainage ditch. The statute imposes the duty on the drainage district to provide such bridge. This act does not contravene any constitutional provision, and the judgment of the circuit ·court is correct and will be affirmed. *Judgment affirmed.*