## HENRY W. LEASE *v.* UPPER POTOMAC RIVER COMMISSION

[No. 35, April Term, 1941.]

*Decided June 10th, 1941.*

The cause was argued before BOND, C. J., SLOAN, JOHNSON, DELAPLAINE, COLLINS, and FORSYTHE, JJ.

*William L. Wilson, Jr.,* with whom was *Edward J. Ryan* on the brief, for the appellant.

*William C. Walsh,* with whom was *George W. Legge* on the brief, for the appellees.

SLOAN, J., delivered the opinion of the Court.

Henry W. Lease, the appellant, brought suit against his employer, the Upper Potomac River Commission, a Maryland corporation created under the Act of 1935, ch. 409, for injuries sustained by him by reason of the defective and unsafe condition of a truck of the defendant by which he was injured, and of the negligence of a fellow employee of the Commission who was driving the truck. The defendant demurred to the declaration generally and on the ground that the Upper Potomac River Commission is a governmental agency and, therefore, not suable. The demurrer was sustained, and the plaintiff appealed.

The demurrer should have been sustained, but on the allegations of the declaration and the Act of 1935, ch. 409, on another ground than that urged by the appellee in its brief. In passing upon an appeal, this court is not confined to the reasons assigned by the counsel or court. *Sothoron v. Weems,* 3 G. & J. 435, 441; *Parker v. Sedwick,* 4 Gill 318; *Ellicott v. Turner,* 4 Md. 476, 485. The court gave no reason, so the assumption is that any or every reason was held by it for its action. Code art. 5, sec. 10.

It is admitted by the declaration that the plaintiff is an employee of the Commission, which is engaged in the construction of what is known in Western Maryland as the Savage River Dam Project, located in Garrett County. This being true, the plaintiff and defendant would come within the provisions of the Workmen's Compensation Law, Code, art. 101, by which section 46, "Whenever the State, county or city or any municipality shall engage in any extra-hazardous work, within the meaning of this Article, whether for pecuniary gain or otherwise, in which workmen are employed

for wages, this Article shall be applicable thereto," and we, therefore, assume, in the absence of any allegation of the declaration to the contrary, that the Upper Potomac River Commission has complied with the provisions of article 101 in providing or insuring compensation to injured employees.

By section 14, article 101 of the Code, it is provided that "The liability prescribed by the last preceding paragraph shall be exclusive, except that if an employer fails to secure the payment of compensation for his injured employees and their dependents as provided in this Article, an injured employee or his legal representative, in case death results from the injury, may, at his option, elect to claim compensation under this Article, or to maintain an action in the courts for damages on account of such injury." *Kramer v. Globe Brewing Co.,* 175 Md. 461, 2 A. 2nd 634; *Victory Sparkler & Specialty Co. v. Francks,* 147 Md. 368, 376, 128 A. 635.

For the reason that it does not appear from the declaration that the Upper Potomac River Commission has not insured its employees, the demurrer should have been sustained. While the order appealed from will be affirmed, the case will be remanded in order that the plaintiff, if he so chooses, may amend his declaration in order to present the question of liability *vel non* of the Commission for failure of the employer to insure or secure compensation for injured employees and their dependents, if that be the fact. Code, art. 101, sec. 42. The question then of governmental agency, which we regard now as premature, and about which we express no opinion, may properly arise.

It is not in the record, was not and could not have been passed upon by the court below, or by this court, but the statement was made at the argument that compensation is provided for by the Federal Works Progress Administration, which provided laborers on the Savage River Dam and paid their wages. We cannot express an opinion as to whether this excuses the appellee from com-

pliance with art. 101, or is in lieu of it. As the case is to be remanded, the question, if counsel so decide, can be raised, but whether by amendment of the declaration or by plea we cannot suggest in this case.

*Order affirmed with costs, and case remanded.*