Peggy LYLES et al.

v.

MONTGOMERY COUNTY, MD., et al.

No. DKC 2000–2021.

United States District Court,
D. Maryland.

Sept. 4, 2001.

Jill D. Sege, Silver Spring, MD, for plaintiff.

Patricia P. Via, Montgomery County Attorney's Office, Rockville, MD, for Montgomery County Police Dept., Montgomery County, defendants.

William J. Chen, Jr., Chen Walsh Tecler and McCabe, Rockville, MD, for George Heinrich, defendant.

Charles S. Rand, McKernon and Rand, Rockville, MD, for Joyce Torchinsky, defendant.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Two substantive motions are currently pending and ready for resolution in this employment discrimination case: (1) a motion to dismiss by Joyce Torchinsky and (2) a motion to dismiss by George Heinrich.[1] The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motions will be granted.

### Background

Plaintiffs Peggy Lyles and Noel Mangum have filed an Amended Complaint against Montgomery County (and its Chief of Police), as well as George Heinrich and Joyce Torchinsky. The preamble to the complaint states that the action against Montgomery County is for violation of Title VII, and that the claims against George Heinrich and Joyce Torchinsky are for violations of 42 U.S.C. § 1983. Counts I, II, and III purport to allege Title VII claims, presumably solely against Montgomery County. Count IV is a malicious prosecution claim against Joyce Torchinsky and George Heinrich and Count V is a tortious interference with employment claim against Torchinsky and Heinrich.

Ms. Lyles worked for the Montgomery County Department of Recreation in 1980 and transferred to the police department October, 1980. Ms. Mangum, initially hired by the Montgomery County Department of Public Libraries, transferred to the police department in June 1976. Their complaints arise out of events that happened in the summer and fall of 1997. Plaintiffs allege that they filed a charge of discrimination with the Maryland Commission on Human Relations on January 29, 1998, and a right to sue letter was issued on April 4, 2000. The original complaint was filed July 3, 2000.

Lyles and Magnum claim that they were subjected to disparate treatment on account of race, through unequal application of personnel policies regarding computer usage, dress, scheduling and leave. Apparently, plaintiffs were charged in September and October 1997 with misuse of their computers at work to conduct unauthorized searches within the police department computer system. They state that it was a common practice for employees to use the computer for non-police related activity and that no other employees faced criminal charges. The charges were, eventually, nolle prossed.

Lt. Henrich, supervisor of the Records Department, allegedly instigated the criminal case. Joyce Torchinsky, Plaintiffs' immediate supervisor in the Telephone Reporting Unit, allegedly actively encouraged and abetted Lt. Heinrich, her immediate superior.

The specific allegations against the individual defendants are that they:

> set into motion a criminal investigation that lead to criminal charges brought against Plaintiffs for alleged criminal "acts" which they themselves have committed, have permitted others to commit and which have been committed by almost everyone in the Division for a variety of purposes, and did not lead to criminal charges being raised. This selective prosecution was committed with the intent to harm the Plaintiffs, to dam-

---

1. Plaintiffs also seek leave to file what amounts to a surreply. The court has considered the matters set forth therein, and still grants Defendants' motions. Accordingly, Plaintiffs will be granted leave to file the surreply.

age their reputation, to embarrass them in front of their peers, humiliate them, and with the intent to get them fired. Amended Complaint, ¶ 27.

**Standard of Review**

A motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) raises the issue of whether the facts alleged in the complaint are sufficient to state a claim. Such a motion ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In so doing, the court must consider all well-pled allegations in a complaint as true. *Albright v. Oliver*, 510 U.S. 266, 268, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). Moreover, the court is to construe all allegations liberally in favor of the plaintiff, *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), and must disregard the contrary allegations of the opposing party. *A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir.1969). The Court, however, need not accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir.1989), nor conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir.1979).

**Analysis**

Joyce Torchinsky argues that she cannot be a defendant in a Title VII claim because she was not named as a respondent in the administrative proceedings, that the suit against her is untimely and that she is not a proper defendant for a Title VII claim. Among Plaintiffs' responses is the assertion that Joyce Torchinsky is not a defendant in the Title VII counts. Pl.Opp. To Def. Torchinsky's Mot. to Dismiss, at 4. Accordingly, the arguments made separately by Ms. Torchinsky are moot.

George Heinrich's motion, which is joined in by Ms. Torchinsky, asserts the court does not have supplemental jurisdiction over the common law claims against the individual defendants in counts IV and V, that the claims are barred for failure to give notice under the Local Government Tort Claims Act, and that the counts IV and V fail to allege necessary elements of each tort.

*State Tort Claims*

■ With regard to any possible state law tort claims, the court must consider the preliminary issue of Plaintiffs' failure to comply with the notice provision of the Local Government Tort Claims Act (LGTCA). Md.Code Ann., Cts. & Jud.Proc. § 5–304 (1998); *see Ashton v. Brown*, 339 Md. 70, 660 A.2d 447, 465 n. 19 (1995) (holding that the LGTCA applies to constitutional torts). Defendants argue that Plaintiffs' state law tort claims are barred by their failure to provide notice of their claims in accordance with the LGTCA.

■ Section 5–304(a) of the LGTCA provides that "an action for unliquidated damages may not be brought against a local government or its employees unless the notice of the claim required by this section is given within 180 days after the injury." Subsection (b) of the statute provides that in Montgomery County "the notice shall be given in person or by certified mail, ... by the claimant or the representative of the claimant, ... the County Executive." Cts. & Jud.Proc. § 5–304(b). The notice is a condition precedent to the right to maintain an action for damages, *Grubbs v. Prince George's County*, 267 Md. 318, 297 A.2d 754, 755–56 (1972) (citing *Cotham v. Board of County Comm'rs*, 260 Md. 556, 273 A.2d 115 (1971); *Neuenschwander v. Washington Suburban Sanitary Comm'n*, 187 Md. 67, 48 A.2d 593 (1946)), and compliance with the notice

provision should be alleged in the complaint as a substantive element of the cause of action. *Madore v. Baltimore County,* 34 Md.App. 340, 367 A.2d 54, 56 (1976).

Plaintiffs concede that no notice was given and assert that none was required because the employees are alleged to have been acting outside the scope of their authority. The court knows of no exception to the notice requirement when a person is sued for conduct arising out of the person's employment. Furthermore, it is precisely because of the defendants' employment status that Plaintiffs seek to bring a § 1983 action against them. Plaintiffs do not assert that there is good cause to excuse the failure. Thus, Plaintiffs are precluded from bringing state tort claims.

*42 U.S.C. § 1983*

Plaintiffs assert that they have brought claims under 42 U.S.C. § 1983 against these defendants. (As noted above, Plaintiffs concede that the Title VII claims are not against the individual defendants.) While the preamble does refer to § 1983, the counts themselves do not.

Defendants concede that a malicious prosecution claim can properly be fashioned as a § 1983 claim, but continue to argue that Plaintiffs have not stated a proper claim. They maintain, however, that no tortious interference with employment claim may be brought either under Maryland law or § 1983.

█ To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant, while acting under color of state law, violated a federal right. Presumably the individual defendants, as employees of the Montgomery County Police Department, can be alleged to be acting under color of state law. The complaint falters, though, with regard to the particular federal right allegedly violated for each

count. In count IV, plaintiffs try to assert a malicious prosecution claim. In *Lambert v. Williams,* 223 F.3d 257, 261 (4th Cir. 2000), the Fourth Circuit joined a number of other circuits in holding that a § 1983 malicious prosecution claim "is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." Specifically, the court held that: " § 1983 does not empower a plaintiff to bring a claim for malicious prosecution *simpliciter.* What is conventionally referred to as a ' § 1983 malicious prosecution' action is nothing more than a § 1983 claim arising from a Fourth Amendment violation." 223 F.3d at 260. Plaintiffs have not alleged, anywhere in the Amended Complaint, a seizure under the Fourth Amendment, or articulated how, if at all, either defendant was personally involved in the seizure. As presently stated, the complaint fails to state a § 1983 Fourth Amendment claim.

█ Plaintiffs also have not alleged a viable federal claim encompassed in their tortious interference with employment claim. As the analysis in *Lambert* makes clear, a plaintiff must go beyond stating a possible state tort to make a § 1983 claim.

**Conclusion**

For these reasons, the claims against the individual defendants will be dismissed.